STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   BUSINESS & CONSUMER DOCKET
                                                  DKT. NO. CV-19-45

RANDY S. ELWELL,                    )
                                    )
    Plaintiff,                  )
                                    )
v.                                  )      **ORDER ON MOTION TO COMPEL**
                                    )      **DISCOVERY**
SUBARU CORPORATION, SUBARU          )
OF AMERICA, INC., and DAVID A.      )
MAXCY,                              )
                                    )
    Defendants.                 )

Pending before the Court in this products liability lawsuit is Plaintiff's Motion to Compel Discovery. Plaintiff is asking the Court to order that the "scope of discovery shall include not only the subject 2002 Legacy Outback (which is part of the 2000-2004 Subaru Legacy platform) but also a 15-year period from 1985-2000 for: 1) vehicles with ABTS (All Belts to Seat) in the front or rear seat; 2) vehicles with a seat inch lb. moment capacity over 20,000 inch lb.; and 3) vehicles with a seat that cannot recline more than 20 degrees due to vehicle packaging design considerations. The scope of this discovery should include design drawings, testing, studies, research, literature, engineering analysis, cost analysis, databases, supplier materials, marketing materials, and other claims regarding any occupant injury or death caused by a rearward collapsing seat." (Pl.'s Mot. 2.) The Subaru Defendants oppose the Motion.

Plaintiff is represented by Attorneys E. Todd Tracy, Andrew Counts, and Blair Jones. Subaru Defendants are represented by Attorneys James Campbell, Michelle Shaffer and Curtis Berglund. Attorney Joshua D. Hadiaris represents Defendant David Maxcy. The Court has reviewed the filings of the parties, and for the reasons stated below, the motion is granted in part and denied in part.

1

## STANDARD OF REVIEW

In Maine, the scope of discovery in civil proceedings is often described as "broad." Parties may obtain discovery regarding any relevant matter, not privileged, even if the information would not be admissible at trial, so long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." M.R. Civ. P. 26(b); *Berntsen v. Berntsen*, 2017 ME 111, ¶ 11, 163 A.3d 820.

With respect to the burden of proof on a motion to compel discovery, the party filing the motion to compel has the burden to show the relevance of the information sought. *Johnson v. Liberty Mut. Gr., Inc.,* 2017 U.S. LEXIS 200422, 2017 WL 6045419. at *1 (D. Mass. Dec. 6, 2017). Then, the "party resisting or objecting to discovery" has the burden to show why the motion should not be granted. *Volt Power, LLC v. Butts*, No. 7:19-CV-00149-BO, 2020 U.S. Dist. LEXIS 182743, at *7 (E.D.N.C. Oct. 1, 2020). The non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.* (quotation marks omitted).

## FINDINGS AND CONCLUSIONS

The motor vehicle accident giving rise to this litigation occurred on September 5, 2018 in Swanville, Maine. The driver, David Maxcy, was operating a 2002 Subaru Legacy Outback. Plaintiff and Defendants dispute a number of facts about the accident, but for purposes of deciding this motion the Court will assume that the Subaru moved rearward into a tree after leaving the road, and that the Plaintiff's front passenger seat collapsed rearward. Plaintiff claims that the seat assembly and related seat belt restraint system were defective, resulting in injuries described as "catastrophic," including paraplegia, and medical bills estimated to exceed fifteen million dollars.

Defendants assert that they have already provided significant amounts of discovery, including five model-years' worth of design and developmental documents, testing, marketing, and recalls. They also state they responded to requests for information relating to "alleged alternative designs (e.g., relating to vehicles with an All Belts to Seat ('ABTS') design, various seat back yield strengths, partitions or other designs that might hold up the seatback and prevent it from yielding) for 2000 to 2004 model year vehicles." (Opp. 2.) Defendants also seek to restrict discovery to information relative to "the same Legacy Outback platform as the subject vehicle, which consists of 2000-2004 U.S. bound Subaru Legacy Outback vehicles." (Opp. 1.) That is, they want to limit the "look-back" period to five years and only for certain product lines described in their objection. Finally, they object to having to produce discovery on vehicles from non-U.S. markets.

With respect to the issue of product lines, the Court has reviewed the cases cited by the parties, the pleadings, and the affidavit of one of Plaintiff's proposed experts, Larry Sicher. Given the broad definition of "relevance" under Maine law, the Court is persuaded that discovery of other product lines is relevant. This is a negligence and products liability case. As the parties know, in Maine, theories supporting these causes of action have been found to overlap in that Plaintiffs are required under both to establish that a product was defectively designed and exposed Plaintiff to an unreasonable risk of harm. *St. Germain v. Husqvarna Corp.*, 544 A.2d 1283 (Me. 1988). The parties in this case will also be required to apply the "danger/utility test" which requires them to consider the feasibility of alternative designs as part of their claims or defenses. *Walker v. General Electric*, 968 F.2d, 116 (1st Cir. 1992); *Stanley v. Schiavi Mobile Homes, Inc.*, 462 A. 2d 1144 (Me. 1983).

3

The Court therefore concludes that discovery will be permitted to include other product lines in addition to the 2000-2004 Subaru Legacy Outback platform (which includes the subject vehicle). It may also include vehicles with ABTS in the front or rear seat; vehicles with a seat inch lb. moment capacity over 20,000 inch lb.; and vehicles with a seat that cannot recline more than 20 degrees due to vehicle packaging designs.

With regard to the scope of discovery within such product lines, the Court would find that the Defendants have not met their burden to oppose, to the extent they have done so, the "scope" description provided in the first paragraph on page two of the Plaintiff's Motion. The Court would therefore permit discovery to further include: design drawings, testing, studies, research, literature, engineering analysis, cost analysis, databases, supplier materials, marketing materials, and claims regarding any occupant injury or death caused by a rearward collapsing seat.

With respect to the time period requested by the Plaintiff, the Court has concluded that Defendants have not made a sufficiently particularized showing that it would be unduly burdensome to provide this information for a 15-year period. They have also not effectively rebutted Plaintiff's assertion that this time period is especially relevant as being a period when "auto manufacturers began introducing stronger seats" making the information "critical" and not just relevant to Plaintiff's seating and restraint system defect claims. The Court would note that the discovery period used in *Taylor v. Ford Motor Co.* was, as Plaintiff points out, almost 12 years. In sum, the Defendants have essentially asserted, without more, that the temporal scope requested is unduly burdensome.

However, with respect to Plaintiff's request that discovery be permitted for non-U.S. markets, the Court finds persuasive the reasoning and concerns expressed by Defendants. The Court agrees that vehicles produced for U.S. markets are often permitted or required to meet very

different standards than those permitted or required in other markets, including for vehicle seat and restraint systems. The Court also finds compelling the reasoning in *In re Hyundai Motor Co.*, No. 12-19-00417-CV, 2020 Tex. App. LEXIS 2475 (Tex. App. Mar. 25, 2020), on the issue of the request made by Plaintiffs in that case for worldwide information. The court there noted the likely expense, burdens, and risks of yielding tremendous amounts of irrelevant materials. The Court therefore finds that even if this information fits the broad definition of "relevance," the Defendants have shouldered their burden in objecting to a worldwide search for this information during the time period allowed and for the scope of what must be produced.

The entry will be: Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART. The Clerk may note this Order on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated:  October 29, 2020          _____/s_____
                                   M. Michaela Murphy
                                   Justice, Business and Consumer Docket

**RANDY S. ELWELL**

     **v.**

**SUBARU CORPORATION, SUBARU OF AMERICA, INC., FUJI HEAVY INDUSTRIES, LTD, and DAVID A. MAXCY**

| | |
|---|---|
| **Plaintiff Counsel:** | Blair Jones, Esq.<br>*Law Offices of Joe Bornstein*<br>PO Box 4685<br>5 Moulton Street<br>Portland, ME 04101-2480 |

**Defendant Counsel:**

| | |
|---|---|
| Subaru Corporation<br>Subaru of America, Inc.<br>Fuji Heavy Industries, Inc. | James Campbell, Esq.<br>Michell Shaffer, Esq.<br>*Campbell, Campbell, Edwards & Conroy*<br>One Constitution Center<br>Boston, MA 02129 |
| David Maxcy | Joshua Hadiaris, Esq.<br>*Norman Hanson & Detroy*<br>PO Box 4600<br>Two Canal Plaza<br>Portland, ME 04112-4600 |